UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
WILMINGTON PT CORP.,

                      Plaintiff,                  19-cv-05850 (LDH) (SMG)

   -against-

3331 102 ST LLC; ALVARO GUEVARA; CITY OF
NEW YOTK DEPARTMENT OF TRANSPORTATION
PARKING VIOLATIONS BUREAU; and NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD,
                     Defendants.              **ANSWER**
-----------------------------------------------------------------------x

       Defendant 3331 102 St LLC ("Owner"), the Owner of the real property located at 33-31 102nd Street, Corona, New York 11368 in Queens County with tax lot 55 and tax block 1717 ("Property"), by and through the Owner's undersigned counsel Law Offices of Michael B. Wolk, P.C., hereby answers the complaint of Plaintiff Wilmington PT Corp. ("Plaintiff") and, in connection therewith, Owner respectfully alleges as follows.

1.      Owner denies the allegations in paragraph 1 of the complaint because, **prior** to Plaintiff's commencement of this action on October 16, 2019 seeking to foreclose an alleged second mortgage against the Property, t**he New York State Supreme Court had previously discharged and terminated the second mortgage against the Property as time-barred and unenforceable** in a quiet title lawsuit by the Owner against Plaintiff's predecessor-in-interest as second mortgagee.  See *3331 102 St LLC v. Newport Beach Holdings LLC*, Supreme Court of the State of New York, County of New York, Index No. 156870/2018, Hon. Barbara Jaffe (the "Quiet Title Case").  For instance, in the Quiet Title Case, and **prior** to the time that Plaintiff alleges to have acquired the second mortgage against the Property [see par. 12 in complaint], Owner had become entitled to a default judgment  against Plaintiff's predecessor-in-interest as second mortgagee - -

following the failure of Plaintiff's predecessor-in-interest as second mortgagee, after having been served with process in the Quiet Title Case, to answer or move in response to Owner's quiet title complaint. And, pursuant to such pleading default in the Quiet Title Case by Plaintiff's predecessor-in-interest as second mortgagee, and **prior** to Plaintiff's commencement of this action on October 16, 2019, the New York State Supreme Court had previously discharged and terminated the second mortgage against the Property as time-barred and unenforceable.

2. Owner denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

3. Owner denies the allegations in paragraph 3 of the complaint except that Owner admits that Owner is a limited liability company that is the legal owner of the Property under a recorded deed and the Court is respectfully referred to the same.

4. Owner denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint and respectfully refers the Court to the document(s) referenced therein.

5. Owner denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint and respectfully refers the Court to the document(s) referenced therein.

6. Owner denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint and respectfully refers the Court to the document(s) referenced therein.

7. Owner denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint and respectfully refers the Court

to the document(s) referenced therein.

8.     Owner denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint. Upon information and belief, diversity jurisdiction over this action is inappropriate because Plaintiff's principal place of business should be deemed to be located in the State of New York, based upon the exercise of control over Plaintiff's operations, in the State of New York, (a) by Yonel Devico and/or (b) by other agents and representatives of Plaintiff (or Mr. Devico). Alternatively, upon information and belief, diversity jurisdiction over this action is inappropriate because the second mortgage was assigned to a purported out-of-state entity in a manner that violates the jurisdictional requirements under 28 U.S.C. 1359.

9.     As to paragraph 9 in the complaint, Owner admits that venue over this action is proper in this district.

10.    As to paragraph 10 in the complaint, Owner respectfully refers the Court to the document(s) referenced therein and, in addition, Owner respectfully refers the Court to Owner's court filings (and documents annexed thereto) in the Quiet Title Case upon which the New York State Supreme Court, prior to the commencement of this action, previously terminated and discharged the second mortgage, all of which is expressly incorporated herein by reference.

11.    As to paragraph 11 in the complaint, Owner respectfully refers the Court to the document(s) referenced therein and, in addition, Owner respectfully refers the Court to Owner's court filings (and documents annexed thereto) in the Quiet Title Case upon which the New York State Supreme Court, prior to the commencement of this action, previously terminated and discharged the second mortgage, all of which is expressly

incorporated herein by reference.

12. Owner denies knowledge and information sufficient to form a belief as to the allegations in paragraph 12 of the complaint. In addition, since Plaintiff claims to have acquired the second mortgage against the Property at a time when the Quiet Title Case was already pending and being prosecuted against Plaintiff's predecessor-in-interest as second mortgagee, any right, title or interest in the second mortgage that Plaintiff claims to have acquired is subject to, and governed by, the Quiet Title Case, in which the New York State Supreme Court, prior to the commencement of this action, previously terminated and discharged the second mortgage against the Property.

13. Owner denies knowledge and information sufficient to form a belief as to the allegations in paragraph 13 of the complaint.

14. Owner denies knowledge and information sufficient to form a belief as to the allegations in paragraph 14 of the complaint.

15. As to paragraph 15 in the complaint, Owner respectfully refers the Court to the document(s) referenced therein and, in addition, Owner respectfully refers the Court to Owner's court filings (and documents annexed thereto) in the Quiet Title Case upon which the New York State Supreme Court, prior to the commencement of this action, previously terminated and discharged the second mortgage, all of which is expressly incorporated herein by reference.

16. Owner denies the allegations in paragraph 16 of the complaint.

17. Owner denies knowledge and information sufficient to form a belief as to the allegations in paragraph 17 of the complaint.

18. Owner denies knowledge and information sufficient to form a belief as to the

allegations in paragraph 18 of the complaint.

19. Owner denies the allegations in paragraph 19 of the complaint because, in the Quiet Title Case, the New York State Supreme Court, prior to the commencement of this action, terminated and discharged the second mortgage.

20. A response to paragraph 20 in the complaint is unnecessary since the same seeks legal relief, instead of making a factual allegations, and in any event Plaintiff is not entitled to such legal relief because, in the Quiet Title Case, the New York State Supreme Court, prior to the commencement of this action, terminated and discharged the second mortgage.

21. A response to paragraph 21 in the complaint is unnecessary since the same seeks legal relief, instead of making a factual allegations, and in any event Plaintiff is not entitled to such legal relief because, in the Quiet Title Case, the New York State Supreme Court, prior to the commencement of this action, terminated and discharged the second mortgage.

22. A response to paragraph 22 in the complaint is unnecessary since the same seeks legal relief, instead of making a factual allegations, and in any event Plaintiff is not entitled to such legal relief because, in the Quiet Title Case, the New York State Supreme Court, prior to the commencement of this action, terminated and discharged the second mortgage.

23. Owner denies the allegations in paragraph 23 in the complaint and, in connection therewith, Owner respectfully refers the Court to Owner's court filings (and documents annexed thereto) in the Quiet Title Case upon which the New York State Supreme Court, prior to the commencement of this action, terminated and discharged the second

mortgage, all of which is expressly incorporated herein by reference.

## AFFIRMATIVE DEFENSES

24. All allegations set forth above are hereby repeated as if realleged in their entirety.

25. **First Affirmative Defense**: The relief requested in the complaint is barred by the doctrine of res judicata (claim preclusion) based upon the rulings of the New York State Supreme Court, in the Quiet Title Case, that terminated and discharged the second mortgage against the Property, including but not limited to the entry of a default judgment (which was entered before Plaintiff commenced this action) that terminated and discharged the second mortgage against the Property.

26. **Second Affirmative Defense**: The relief requested in the complaint is barred by the Rooker-Feldman doctrine based upon the rulings of the New York State Supreme Court, in the Quiet Title Case, that terminated and discharged the second mortgage against the Property, including but not limited to the entry of a default judgment (which was entered before Plaintiff commenced this action) that terminated and discharged the second mortgage against the Property.

27. **Third Affirmative Defense**: The relief requested in the complaint is barred by the applicable statute of limitations.

28. **Fourth Affirmative Defense**: The relief requested in the complaint is barred by Plaintiff's failure to comply with applicable conditions precedent to the commencement of a foreclosure action, including but not limited to Plaintiff's (a) failure to comply with the applicable federal law requirements to meet with (and attempt to resolve a mortgage loan dispute with) a mortgagor, before Plaintiff is allowed to commence a foreclosure action, where (as here) the mortgage is insured by the United States Government and/or

the Federal Housing Administration and (b) failure to comply with the applicable state law requirements regarding the contents for, and service of, pre-lawsuit notices under RPAPL 1304.

29.     **Fifth Affirmative Defense**: The relief requested in the complaint is barred by Plaintiff's lack of standing to sue.

30.     **Sixth Affirmative Defense**: The relief requested in the complaint is barred by the absence of diversity jurisdiction in the manner required by 28 U.S.C. 1332 and 28 U.S.C. 1359.

**WHEREFORE**, based upon the foregoing, Owner respectfully requests that the Court (a) dismiss the complaint with prejudice, (b) award Owner the costs, allowances, disbursements and attorney's fees of this action and (c) grant such other and further relief as the Court deems just and proper herein.

Dated: December 25, 2019
       New York, New York

                                Respectfully submitted,

                                Law Offices of Michael B. Wolk, P.C.

                                By: _____/s/_____
                                      Michael B. Wolk
                                31 West 34th Street, Suite 7040
                                New York, New York 10001
                                Tel: 917-238-0576
                                Email: michael.wolk@wolkgroup.com
                                Attorney for Defendant-Owner
                                3331 102 St LLC