LAW OFFICES OF MICHAEL B. WOLK, P.C.
31 West 34th Street, Suite 7040
New York, New York 10001
Tel:     917-238-0576
Fax:    973-535-1148
Email:  michael.wolk@wolkgroup.com

March 11, 2020

**BY EFILING**
The Honorable Steven M. Gold
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Wilmington PT Corp. v. 3331 102 St LLC, et al.*
   Civil Action No: 1:19-cv-05850 (LDH) (SMG)
   Consent Application To Adjourn Initial Case Conference Of March 12, 2020

Your Honor:

I write involving a consent application, on behalf of counsel for both sides, for an adjournment of the initial case conference scheduled for tomorrow, to such date that the Court deems appropriate. I will be on a previously scheduled family vacation, outside of New York, during the next two weeks, returning to the office on March 30.

 ***

I also write regarding recent developments in a related state court litigation involving the same parties in this action (or their alleged predecessor-in-interest). It is respectfully submitted that recent developments in that related state court litigation should result, in the Court's discretion, not only in approval of a consent adjournment of the initial case conference, but also should result in (a) a stay of this case, until 30 days after a decision is rendered on a pending motion in the related state court litigation or, alternatively, (b) a discontinuance or dismissal of this case, without prejudice.

 ***

I represent Defendant 3331 102 St LLC ("Owner"), the recorded owner of the real property located at 33-31 102nd Street, Corona, New York 11368 in Queens County with tax lot 55 and tax block 1717 ("Property").

Danielle P. Light, Esq. and her law firm of Hasbani & Light, P.C. represent Plaintiff Wilmington PT Corp. ("Plaintiff"), which alleges that it is the current owner, by assignment, of a second mortgage against the Property.

This action seeks to foreclose a second mortgage against the Property. However, prior to the commencement of this action, that second mortgage against the Property was

discharged as time-barred and unenforceable, pursuant to an order and judgment from the Supreme Court of the State of New York, in a related litigation between the Owner and a predecessor owner of the second mortgage.  See *3331 102 St. LLC v. Newport Beach Holdings LLC*, Supreme Court of the State of New York, County of New York, Index No. 156870/2018, Dkt 21 ("Related State Court Litigation").

On March 5, 2020, the Plaintiff in this action filed a motion in the Related State Court Litigation, initially returnable March 27, 2000, seeking to vacate the order and judgment therein that discharged the second mortgage against the Property as time-barred and unenforceable.

Unless otherwise directed by Your Honor, Owner respectfully submits that, for purposes of this letter application in this second-filed federal action, it is unnecessary to address the merits of the contentions on Plaintiff's recently filed motion in the Related State Court Litigation, or Owner's legal reasons as to why Owner is confident that Plaintiff's motion should be denied.

At present, since the second mortgage against the Property was discharged in the Related State Court Litigation, prior to Plaintiff's commencement of this second-filed federal action seeking to foreclose that discharged second mortgage, Owner respectfully submits that this second-filed federal action should have never been commenced and that *res judicata* (among other legal reasons) requires the dismissal of this second-filed federal action.  Owner respectfully submits that it would be contrary to the interests of judicial economy and party economy for this second-filed federal action to proceed.

If Plaintiff were to be successful, in the Related State Court Litigation, in vacating the order and judgment discharging the second mortgage against the Property, then Plaintiff, under such hypothetical future circumstances, then Plaintiff, if so inclined, can proceed, at that time, with a second-filed federal action (or, alternatively, Plaintiff can attempt to foreclose the second mortgage in state court).

Pursuant to the foregoing, Owner respectfully requests that the Court (a) stay this case, until 30 days after a decision is rendered on Plaintiff's pending motion in the Related State Court Litigation or, alternatively, (b) direct a discontinuance or dismissal of this case, without prejudice.

Thank you for Your Honor's time and consideration in this matter.

                                                           Respectfully submitted,

                                                                   /s/

                                                           Michael B. Wolk

cc: Plaintiff's counsel of record (by efiling/eservice)